IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE AUDUBON SOCIETY, CENTER FOR FOOD SAFETY, and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br><br>    Plaintiffs,<br>vs.<br><br>Secretary, Department of the Interior, DALE HALL, Director of United States Fish and Wildlife Service, and UNITED STATES FISH AND WILDLIFE SERVICE, an administrative agency of the United States Department of the Interior<br><br>    Defendants. | Ca No. 06-223 GMS |

## FEDERAL DEFENDANTS' ANSWER

Dirk Kempthorne, in his capacity as Secretary of the United States Department of the Interior; Dale Hall, in his capacity as Director of the U.S. Fish and Wildlife Service; and, the U.S. Fish and Wildlife Service (hereinafter collectively referred to herein as "Federal Defendants"), hereby answer Plaintiffs' complaint as follows. The following paragraph numbers correspond to the like-numbered paragraph in the amended complaint:

### I. NATURE OF ACTION

1.  The allegations of paragraph 1 of the Complaint constitute Plaintiffs' characterization of their case to which no response is required; however, to the extent a response is necessary, the allegations are denied.

## II. JURSIDICTION AND VENUE

2.  The allegations of paragraph 2 of the Complaint constitute Plaintiffs' legal conclusions, to which no response is required.

3.  The allegations of paragraph 3 of the Complaint constitute Plaintiffs' legal conclusions, to which no response is required.

## III. PARTIES

4.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.  The allegations in the first and second sentences of paragraph 7 of the Complaint constitute Plaintiffs' legal conclusions, to which no response is required. Further, the allegations refer to and characterize the National Wildlife Refuge System Administration Act, 16 U.S.C. § 668dd, which speaks for itself, is the best evidence of its contents. The third sentence of paragraph 7 constitutes a characterization of Plaintiffs' case, to which no response is required.

8.  Federal Defendants admit the allegations contained in the first sentence of paragraph 8. The allegations in the second sentence of paragraph 8 constitute Plaintiffs' legal conclusions, to which no response is required. The third sentence of paragraph 8 constitutes a characterization of Plaintiffs' case to which no response is required.

9.  The allegations in paragraph 9 of the Complaint constitute Plaintiffs' legal

conclusions, to which no response is required.

10.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10 of the Complaint. The allegations in the second sentence of paragraph 10 are denied. The allegations in the third sentence of paragraph 10 constitute Plaintiffs' characterization of their case to which no response is required.

## IV. LEGAL BACKGROUND

11.   The allegations contained in paragraph 11 of the Complaint refer to the contents of a certain provision of the National Wildlife Refuge System Administration Act, 16 U.S.C. § 668dd(a)(1), which speaks for itself and is the best evidence of its contents.

12.   The allegations contained in paragraph 12 of the Complaint refer to the contents of a certain provision of the National Wildlife Refuge System Administration Act, 16 U.S.C. § 668dd(d)(3)(A)(I), which speaks for itself and is the best evidence of its contents.

13.   The allegations contained in paragraph 13 of the Complaint refer to the contents of certain provisions of the National Environmental Policy Act, 42 U.S.C. §§ 4331 and 4332(2)(c), which speak for themselves and are the best evidence of its contents.

14.   The allegations contained in paragraph 14 of the Complaint refer to the contents of certain provisions of the Council on Environmental Quality's regulations implementing the National Environmental Policy Act, 40 C.F.R. §§ 1501.3, 15.01.4, 1502(d), 1508.27(a) and 1508.27(b)(4-7), which speak for themselves and are the best

evidence of their contents.

15. The allegations contained in paragraph 15 of the Complaint refer to the contents of certain provisions of the Council on Environmental Quality's regulations implementing the National Environmental Policy Act, 40 C.F.R. §§ 1500.1(b) and 1500-1508.28, which speak for themselves and are the best evidence of their contents.

16. The allegations contained in paragraph 16 of the Complaint refer to the contents of certain provisions of the Administrative Procedures Act, 5 U.S.C. §§ 706 and 551, which speak for themselves and are the best evidence of their contents.

## V. FACTUAL BACKGROUND

17. Federal Defendants admit the allegations in the first sentence of paragraph 17 that since at least 1995, the Prime Hook National Wildlife Refuge has entered into cooperative farming agreements, but deny that these cooperative agreements constitute leases of National Wildlife Refuge System Lands. Federal Defendants admit the allegations contained in the second sentence of paragraph 17 and the table that follows. Regarding the third sentence of paragraph 17, Federal Defendants deny the allegations and aver that certain genetically engineered crops have been planted during some of the years on certain parcels between 1995 and 2006, and that cooperative farming agreements entered into since at least the year 2000 contain a condition prohibiting the planting of Bt Corn on Prime Hook National Wildlife Refuge lands. The allegations in the fourth sentence of paragraph 17 are denied and Federal Defendants aver that these cooperative agreements do not constitute leases of National Wildlife Refuge System Lands

18. Federal Defendants deny the allegations contained in paragraph 18 and

4

aver that the FWS has not prepared an EA or an EIS but the number of acres used for farming is not high, comprising less than 5% of Prime Hook National Wildlife Refuge lands, and the acres have not been "leased."

19. The allegations of paragraph 19 of the Complaint constitute Plaintiffs' legal conclusions, to which no response is required.

20. The allegations of paragraph 20 of the Complaint constitute Plaintiffs' legal conclusions, to which no response is required.

21. Federal Defendants admit the allegations in the first sentence of paragraph 21 but aver that the purpose for not farming the acreage was to allow for the completion of a national grassland bird study, which would also inform the Prime Hook National Wildlife Refuge's long-term comprehensive conservation planning. Regarding the first clause of the second sentence of paragraph 21, Federal Defendants admit that numerous plants and wildlife inhabited the acreage in question during at least portions of the three year period. Regarding the final clause of the second sentence of paragraph 21, Federal Defendants lack information or knowledge sufficient to form a belief as to the truth regarding the allegations made in the final clause of this sentence as they relate to Plaintiffs' members or organizations. Federal Defendants further aver that approximately 130 of the 150 acres were closed to the public and visitation was prohibited.

22. Federal Defendants deny the allegations contained in paragraph 22 and aver that the 150 acre area was returned to agricultural uses.

23. The allegations of paragraph 22 of the Complaint constitute Plaintiffs' legal conclusions, to which no response is required.

24. The allegations of paragraph 24 of the Complaint refer to the contents of a certain provision of the National Wildlife Refuge System Administration Act, 16 U.S.C. § 668dd(d)(1)(A), which speaks for itself and is the best evidence of its contents. The allegations regarding whether a compatibility determination(s) was required by law constitute Plaintiffs' legal argument and conclusions to which no response is required. Federal Defendants aver that the Prime Hook National Wildlife Refuge did not make a compatibility determination with respect to cooperative farming agreements covering the acreage in question, entered into in 2006.

25. Federal Defendants deny the allegations contained in the first sentence of paragraph 25 of the Complaint. Federal Defendants aver, however, that with respect to genetically engineered crops, and as inherent in most scientific investigations there are differences of opinions among scientists with respect to the methods they use, their limitations, study implementation, results, interpretation, recommendations, and that a number of uncertainties remain as to whether and to what degree there may be harmful or beneficial consequences from the use of genetically engineered crops. Federal Defendants deny the allegations contained in the second sentence of paragraph 25 and aver that while Ge crops may cause some harm, the potential for harm, in any situation, depends on an array of factors, and that there is also the potential for genetically engineered crops to produce benefits.

26. Based on information and belief, Federal Defendants deny the allegations contained in the first sentence of paragraph 26 of the Complaint, and aver that although designed to be dependent on herbicide use, the crops mentioned could likely be planted and harvested absent the use of herbicides. Based on information on belief, Federal

Defendants admit the allegations contained in the second sentence of paragraph 26. The allegations contained in the third sentence of paragraph 26 reference studies that are the best evidence of their contents. Federal Defendants aver that only some, and not all studies of the subject matter, have reached the stated conclusion, and that other studies have different or opposite conclusions. Regarding the fourth sentence in paragraph 26, Federal Defendants deny the allegations and aver that in general, herbicides hold the potential to degrade terrestrial or aquatic ecosystems, but whether they will in a particular setting or situation and to what degree depends on variety of factors, including but not limited to whether they are used improperly, the type of herbicide used, the means, time of year, and frequency of application, the amount, their persistence, the location and habitat, and the hydrogeology.

27.    With respect to the allegations contained in the first sentence of paragraph 27, Federal Defendants admit that certain studies have shown that the use of genetically engineered crops may have a detrimental effect on wildlife, but aver both that: other studies have shown that some wildlife species may benefit from their use; and, whether and how their use will affect wildlife, either detrimentally or beneficially, in a particular setting or situation depends on variety of factors. Regarding the allegations in the second sentence of paragraph 27, Federal Defendants, based on information and belief, admit that Roundup is the most common pesticide formula used with genetically engineered crops, but deny the remainder of the sentence. Federal Defendants aver that some studies examining specific situations have demonstrated that the stated pesticide holds the potential to adversely impact certain amphibian species. Federal Defendants admit the allegations contained in the third sentence of paragraph 27 and aver that the

7

referenced but unidentified studies are the best evidence of their contents, and that other studies may indicate that the use of these crops may provide benefits to other bird or wildlife species. Federal Defendants deny the allegations contained in the last sentence of paragraph 27.

28.     Based on information and belief, Federal Defendants deny the allegations and aver that there is some scientific evidence demonstrating that certain plant species are capable of developing resistance to glyphosate. Federal Defendants admit the allegations made in the second and third sentences of paragraph 28. Regarding the fourth sentence of paragraph 28, Federal Defendants admit the allegations contained therein but aver that the use of Bt Corn, which is different than Roundup Ready corn, has been prohibited at the Prime Hook National Wildlife Refuge.

29.     Federal Defendants deny the allegations contained in paragraph 29 and aver that the development of resistant weeds has the potential to compound increased herbicide use, if such a problem exists in a particular location, because some farmers may elect to respond by controlling the weeds with more or different herbicides, which depending on amount, means and frequency of application, type of herbicide, proximity to resources and water, and other factors, may pose different environmental impacts.

30.     Federal Defendants deny the allegations contained in the first sentence of paragraph 30 and aver that the U.S. Fish and Wildlife Service is aware of number of issues related to the use of genetically engineered crops, including potential risks and benefits. The allegations contained in the second sentence of the paragraph 30 refer to a quote from a draft U.S. Fish and Wildlife Service document entitled "Internal FWS Draft Delegation of Authority and Process for Approving the Use of Genetically Modified

Crops on the National Wildlife Refuge," which speaks for itself and is the best evidence of its contents. The allegations contained in the third sentence of paragraph 30 characterizes Plaintiffs' legal argument and conclusions, to which no response is required.

31. Regarding the first sentence of paragraph 31 of the complaint, Federal Defendants deny the allegation in paragraph 31 and aver that the U.S. Fish and Wildlife Service is aware of number of issues related to the use of genetically engineered crops, including potential risks and benefits and denies any remaining allegations. The second and third sentences of paragraph 31 characterize and quote from the referenced e-mail, which speaks for itself and is the best evidence of its contents.

32. The allegations in the first sentence of paragraph 32 are denied. The allegations in the second sentence of paragraph 32 of the Complaint characterize and quote from two documents, the Policy on Maintaining the Biological Integrity, Diversity, and Environmental Health of the National Wildlife Refuge System, 601 FW 3 Part 3.15C (66 Fed. Reg 3810, 3822 (January 16, 2001)), as amended, and a Memorandum of Anthony D. Leger, Regional Chief, National Wildlife Refuge System, dated February 21, 2003, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of paragraph 32 are admitted to the extent that the Prime Hook National Wildlife Refuge has not submitted any proposals described in the policy regarding the use of GE crops to its Regional Office of the Director. Any remaining allegations in the third sentence are denied. The allegations in the fourth sentence of paragraph 32 are admitted with respect to the 2001, 2002 and 2003 farming seasons at Prime Hook National Wildlife Refuge. Any remaining allegations in the fourth sentence

are denied. Federal Defendants aver that the referenced Policy became effective on February 15, 2001 and the referenced Memorandum was issued on February 21, 2003.

33. Federal Defendants admit the allegations contained in final clause of the first sentence of paragraph 33 of the Complaint, but deny the Plaintiffs' characterization that "farming in general on the Prime Hook National Wildlife Refuge is a highly controversial issue." The remainder of paragraph 33 refers to and quotes the contents of the Prime Hook National Wildlife Refuge Annual Habitat Work Plan- CY 2004, which speaks for itself and is the best evidence of its contents.

34. The allegations contained in paragraph 34 of the Complaint refer to and quote the contents of a certain U.S. Fish and Wildlife Service policy entitled "Policy on Maintaining the Biological Integrity, Diversity, and Environmental Health of the National Wildlife Refuge System," 601 FW 3 Part 3.15C (66 Fed. Reg 3810, 3822 (January 16, 2001), as amended, which speaks for itself and is the best evidence of its contents.

35. Federal Defendants deny the allegations contained in paragraph 35 of the complaint and aver that a Special Assistant from the Office of the Director of the U.S. Fish and Wildlife Service visited the staff of the Prime Hook National Wildlife Refuge, in advance of the 2004 farming season, and among other things, discussed the Refuge's farming practices with the staff. The Special Assistant also alerted staff to impending guidance regarding the use of genetically engineered crops that the Office of the Director intended to issue and which was to be considered prior to making any final administrative determination as to the scope or manner of farming to be undertaken during that upcoming season; the Office of the Director issued an "Interim Directive for

Existing Use of Genetically Modified Crops within the National Wildlife Refuge System" in January 2004. That Directive speaks for itself and is the best evidence of its contents.

36.     The allegations of paragraph 36 of the Complaint refer to the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*, which speaks for itself, is the best evidence of its contents. The allegations regarding whether and what compliance with this Act was required constitutes Plaintiffs' legal argument and conclusions to which no response is required.

## FIRST CAUSE OF ACTION

37.     Federal Defendants hereby reassert their defenses to paragraphs 1 through 36 as if fully set forth herein.

38.     The allegations contained in paragraph 38 of the Complaint refer to the contents of a certain provision of the National Wildlife Refuge System Improvement Act, 16 U.S.C. § 668dd(d)(3)(A)(I), and its implementing regulations, which speaks for themselves and are the best evidence of their contents. The remainder of the allegations of paragraph 38 constitute Plaintiffs' legal conclusions, to which no response is required.

39.     The allegations of paragraph 39 of the Complaint refer to the contents of a certain provision of the Administrative Procedures Act, 5 U.S.C. § 701, which speaks for itself and is the best evidence of its contents. The remainder of the allegations in paragraph 39 constitute Plaintiffs' legal conclusions, to which no response is required.

40.     The allegations contained in paragraph 40 of the Complaint refer to the contents of a certain provision of the National Wildlife Refuge System Improvement Act, 16 U.S.C. § 668dd(d)(3)(A)(I), and its implementing regulations, which speak for

themselves and are the best evidence of their contents. The remainder of the allegations of paragraph 40 constitute Plaintiffs' legal conclusions, to which no response is required.

41. The allegations of paragraph 41 of the Complaint refer to the contents of certain provisions of the Administrative Procedures Act, 5 U.S.C. § 701, which speaks for itself and is the best evidence of its contents. The remainder of the allegations in paragraph 41 constitute Plaintiffs' legal conclusions, to which no response is required.

42. The allegations of paragraph 42 of the Complaint refer to the contents of certain provisions of the Administrative Procedures Act, 5 U.S.C. § 706, and the National Wildlife Refuge System Improvement Act, which speak for themselves and are the best evidence of their contents. The remainder of the allegations in paragraph 42 constitute Plaintiffs' legal conclusions, to which no response is required.

## SECOND CAUSE OF ACTION

43. Federal Defendants hereby reassert their defenses to paragraphs 1 through 42 as if fully set forth herein.

44. The allegations of paragraph 44 constitute Plaintiffs' legal conclusions, to which no response is required.

45. The allegations of paragraph 45 of the Complaint refer to the contents of a certain provision of the National Environmental Policy Act, 42 U.S.C. § 4332(2)(c), which speaks for itself and is the best evidence of its contents. The remainder of the allegations in paragraph 45 constitute Plaintiffs' legal conclusions, to which no response is required

## REQUEST FOR RELIEF

The allegations in A-E constitute Plaintiffs' prayer for relief, to which no response

is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are to any relief.

## GENERAL DENIAL

Federal Defendants deny each and every allegation set forth in paragraphs 1-45 unless specifically admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' have failed to state a claim for which relief can be granted.

WHEREFORE, having fully answered, Federal Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss this action with prejudice, and award Federal Defendants all such other and further relief as may be appropriate.

Respectfully submitted this 28th day of February, 2007.

COLM F. CONNOLLY
United States Attorney

By: /s/ Douglas E. McCann
Douglas E. McCann
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277
douglas.mccann@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE AUDUBON SOCIETY, CENTER FOR FOOD SAFETY, and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br><br>Plaintiffs,<br><br>v.<br><br>Secretary, Department of the Interior, DALE HALL, Director of United States Fish and Wildlife Service, and UNITED STATES FISH AND WILDLIFE SERVICE, an administrative agency of the United States Department of the Interior<br><br>Defendants. | Civil Action No. 06-223 GMS |

### CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the United States Attorney's Office, hereby certify that I caused the foregoing Federal Defendant's Answer to be served on the following counsel by CM/ECF this 28th day of February, 2007:

Vivian A. Houghton, Esq.
800 West Street
Wilmington, DE 19801
(302) 658-0518
Email: Vivianhoughton@comcast.net

Marie Steel
Legal Assistant