IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE AUDUBON SOCIETY, CENTER FOR FOOD SAFETY, and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br><br>Plaintiffs,<br>vs.<br><br>Secretary, Department of the Interior, DALE HALL, Director of United States Fish and Wildlife Service, and UNITED STATES FISH AND WILDLIFE SERVICE, an administrative agency of the United States Department of the Interior<br><br>Defendants. | Ca No. 06-223<br><br>**JOINT STATUS REPORT** |

Pursuant to this Court's order dated May 17, 2007, the parties submit the following joint status report addressing the agenda items for the scheduling conference set for Friday, June 15, 2007, at 9:30 a.m.

1. **Jurisdiction and Service.**
   Does the court have subject matter jurisdiction?  Yes
   Are the parties subject to the court's jurisdiction?  Yes
   Do any remain to be served.?  No.

2. **Substance of the Action.  What are the factual and legal issues for plaintiff's claims and defendants' defenses?**

   Plaintiffs' Position:

   Plaintiffs have two basic claims in this matter:

   (1) Defendants since at least 1995 allowed farming on the Prime Hook National Wildlife Refuge in Sussex County, Delaware (Prime Hook Refuge) without first making written compatibility determinations required by the National Wildlife Refuge System Administration Act ("NWRSAA"), 16 U.S.C. §668(d)(1)(A), in violation of the NWRSAA and the Administrative Procedures Act ("APA"); and

   (2) Defendants allowed the use of Genetically Modified Organisms ("GMOs"), in

the form of Genetically Engineered crops ("GE crops"), in connection with such farming, a major federal action which significantly affects the quality of the environment, is highly controversial and the potentially harmful effects on human health, the environment and wildlife is unknown without performing the environmental assessment and Environmental Impact Statement ("EIS") required under the National Environmental Policy Act ("NEPA"), 43 U.S.C. §4332(2)©, and its implementing regulations in violation of NEPA and the APA.

Plaintiffs believe that the factual basis for these claims rests primarily upon the fact that no evidence of any effort to make any compatibility determinations or environmental assessments exists. Plaintiffs believe that the legal basis for these claims is found in the language of the NWRSAA, NEPA, and their respective implementing regulations.

Defendants' Position:

Defendants deny that their actions have been arbitrary, capricious, or otherwise not in accordance with law. Defendants believe that Plaintiffs' claims for injunctive relief could be moot because there is currently no farming authorized at Prime Hook Refuge.

3. **Identification of Issues. What factual and legal issues are genuinely in dispute?**

    The parties agree that there are no factual issues in dispute. The resolution of this case will revolve around the legal issue of whether the relevant language of the NWRSAA and NEPA and their respective implementing regulations in fact required Defendants to perform compatibility determinations and an environmental assessment of GMOs.

4. **Narrowing of Issues. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision by motion?**

    The parties agree that the issues in this matter can be resolved on cross motions for summary judgment. A schedule for those motions is proposed below.

5. **Relief. What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?**

    Plaintiffs seek the following relief:

    1.  Declaratory relief in the form of declarations that Defendants:

        a.  violated the NWRSAA and APA by failing to complete compatibility determinations of intended uses in connection with

>   farming and other activities in the Prime Hook Refuge;
>
>   b.   violated NEPA by allowing the cultivation of GE crops within the Prime Hook Refuge without preparing an environmental assessment and subsequent EIS.
>
> 2.   Injunctive relief in the form of a permanent injunction barring Defendants:
>
>   a.   from allowing any farming or other economic uses at the Prime Hook Refuge until compatibility determinations in compliance with NWRSAA are completed; and
>
>   b.   from allowing any cultivation of GE crops at the Prime Hook Refuge until an environmental assessment and EIS in compliance with NEPA is conducted.
>
> 3.   Award Plaintiffs their costs and reasonable attorney's fees under the Equal Access to Justice or other applicable statute.

6. **Amendment of Pleadings?**

   Plaintiffs will file amended pleadings, if any, within 30 days of the day of this status report.

7. **Joinder of Parties?**

   The parties do not anticipate the joinder of any parties.

8. **Discovery. Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and tim-consuming methods available to obtain necessary information?**

   The parties agree that this matter is brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. and judicial review is limited to the Administrative Record. Therefore, the parties do not anticipate discovery at this time. However, Plaintiffs reserve the right to seek discovery if the Administrative Record is inadequate.

9. **Estimated trail length. Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?**

   The parties do not anticipate a trial.

10. **Jury trial?**

       Not applicable.

11. **Settlement. Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?**

    The parties have engaged in settlement discussions. The parties reached a tentative settlement but Defendants ultimately did not approve the negotiated agreement. The parties agree that settlement may still be possible and that a referral to a Magistrate may assist in those discussions. Neither party, however, desires to allow the referral to enlarge the schedule for summary judgment.

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of the action.

    The parties would propose the following schedule for cross motions for summary judgement:

    1. If Plaintiffs do not amend the pleadings, the Administrative Record will be filed by July 13, 2007.

    Plaintiffs motion for summary judgment would be due August 24, 2007.

    Defendants' opposition would be due September 28, 2007.

    Plaintiffs' reply would be due October 19, 2007.

    2. If Plaintiffs do amend their pleadings, Defendants will file their answer 30 days later, and the Administrative Record will be filed 45 days after the Defendants answer.

    Plaintiffs motion for summary judgment would be due 45 days after filing of the Administrative Record.

    Defendants' opposition would be due 30 days after that.

    Plaintiffs' reply would be due 30 days after that.

13. A statement that counsel for the parties have conferred about each of the above matters.

    The parties have conferred on these matters and counsel for Plaintiffs has authorized counsel for Defendants to represent this as a joint status report.

Dated this 8th day of June, 2007        Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

 /s/ Ruth Ann Storey
RUTH ANN STOREY
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0493

Attorney for Defendants